# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 1:05-cr-149
                                              Civil Case Nos. 1:14-cv-527
                                                                        1:09-cv-488

                                                                         District Judge Timothy S. Black
- vs -                                                            Magistrate Judge Michael R. Merz

DIONNE D. TURNER,

          Defendant.    :

## OPINION AND TRANSFER ORDER

This criminal case is pending on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 81). On May 22, 2024, the Chief Judge of the District referred that Motion and "all prehearing and post-judgment motions and procedures, whether dispositive or not, relating to the Motion to Vacate" to the undersigned (Order of Reference, ECF No. 110). Because the Motion is "successive" within the intendment of 28 U.S.C. § 2255(h), Defendant must obtain permission of the Sixth Circuit Court of Appeals before this Court can proceed. The case will therefore be transferred to that Court for its consideration.

1

**Litigation History**

Defendant was indicted October 19, 2005, and charged with an armed bank robbery which occurred on October 31, 2002, in violation of 18 U.S.C. § 2113(a) and 2 (Count One) and using, carrying, and brandishing a firearm in connection with that crime in violation of 18 U.S.C. §§ 924 (c)(l)(A)(ii) and 2 (Count 2)(Indictment, ECF No. 2).  On December 29, 2005, Defendant was arraigned and pleaded not guilty to both counts (ECF No. 8).  The case was tried to a jury with District Judge Sandra S. Beckwith presiding; the jury returned guilty verdicts on both counts and on the brandishing specification on August 23, 2016 (Minute Entry, ECF No. 41; Verdict, ECF No. 45).  Having considered the Presentence Investigation Report from the Probation Department and noting that no objections to it had been filed, Judge Beckwith sentenced Defendant on January 19, 2017 to 224 months imprisonment on Count One and a consecutive 84 months on Count 2 (Minute Entry, ECF No. 48; Judgment, ECF No. 49).

Defendant appealed to the Sixth Circuit (Notice of Appeal, ECF No. 51) where it was assigned Case No. 07-3095.  On July 9, 2008, the circuit court affirmed this Court's judgment. *United States v. Turner*, 287 Fed. Appx. 426, 2008 WL 2699921 (6th Cir. Jul. 9, 2008)(copy at ECF No. 61).  Turner did not seek review by the Supreme Court, but filed his first Motion to Vacate on the anniversary of the Sixth Circuit's decision (ECF No. 63).  Judge Beckwith denied that Motion and a certificate of appealability November 2, 2009 (ECF Nos. 67, 68).

Turner did not attempt to obtain a certificate of appealability from the circuit court, but instead sought a writ of mandamus to compel this Court to grant the first Motion to Vacate.  The Sixth Circuit denied the writ.  *In re:  Dion Turner*, Case No. 11-3956 (6th Cir. Feb. 17, 2012)(Unpublished; copy at ECF No. 69).  Noting that Turner had raised no asserted sentencing

errors in his direct appeal or in the first motion to vacate, the Court analyzed the petition for mandamus as raising four new sentencing claims, but held there was an adequate remedy in a second § 2255 motion if Turner could obtain permission to file one. *Id.* at PageID 1113.

Instead of seeking that permission, Turner moved this Court to correct its sentence to show that it was to be served concurrently with a sentence from the Western District of Michigan (ECF No. 70). Judge Beckwith denied the motion without prejudice for, *inter alia*, lack of jurisdiction (ECF No. 71). Turner did not appeal, but sought leave from the circuit court to file a second § 2255 motion. The Sixth Circuit denied leave, holding Turner did not satisfy the statutory criteria. *In re: Dion D. Turner,* Case No. 12-3987 (6th Cir. Apr. 2, 2013)(copy at ECF No. 73).

On June 23, 2014, Turner filed another Motion to Vacate under § 2255, this time based on *Descamps v. United States*, 570 U.S. 254 (June 20, 2013)(ECF No. 74). Turner claimed his Motion met the one-year statute of limitations because it was filed within one year of the *Descamps* decision. Because it was a successive § 2255 motion, Judge Beckwith transferred it to the Sixth Circuit per *In re Sims*, 111 F.3d 45 (6th Cir. 1997)(ECF No. 78), but the transferred case was dismissed for want of prosecution. *In re Dion D. Turner*, Case No. 14-3809 (6th Cir. Oct. 2, 2014)(unpublished; copy at ECF No. 80).

Turner filed the instant Motion on January 22, 2016 (ECF No. 81). Judge Beckwith again transferred the Motion to the Sixth Circuit under *Sims* (ECF No. 82). On September 19, 2016, the circuit court granted Turner permission to proceed. *In re: Dion D. Turner*, Case No. 16-3221 (6th Cir. Sept. 19, 2016)(unpublished, copy at ECF No. 87), but directed this Court to hold the motion in abeyance pending a decision by the United States Supreme Court in *Beckles v. United States* which was then pending on a writ of certiorari to the Eleventh Circuit to consider its decision in *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. Sept. 29, 2015), which held *Johnson v.*

*United States*, 576 U.S. 596 U.S. 591 (2015), does not control cases in which a person is classified as a career offender under the Sentencing Guidelines.

The Supreme Court decided *Beckles* on March 6, 2017. *Beckles v. United States,* 580 U.S. 256 (2017). On May 11, 2017, the Clerk docketed Turner's Motion to Amend under Fed.R.Civ.P. 15 which apparently had been filed first in the Sixth Circuit on April 3, 2017 (ECF No. 91). The Motion does not mention *Beckles*, but asks the Sixth Circuit to reconsider its decision dismissing his *Descamps* claim in light of *Mathis v. United States,* 579 U.S. 500 (2016). The Sixth Circuit did not grant the motion and dismissed his only then-pending appellate action for want of prosecution on July 14, 2017 (ECF No. 92).

On January 23, 2018, Turner filed a Motion to Amend seeking retroactive application of Sentencing Guideline Amendment 798 (ECF No. 93). On December 23, 2018[1], Turner filed another Motion to Amend, also seeking retroactive application of the Guidelines Amendment (ECF No. 96). On January 14, 2021, Turner filed a Motion to Terminate Stay and to Supplement (ECF No. 98). He does not mention a reason for terminating the stay, but seeks to amend to add a claim under *Burris v. United States,* 912 F. 3d 386 (6th Cir. 2019).

All filings in the case since then have concerned Turner's attempt to obtain compassionate release, until the Order of Reference of the Motion to Vacate was filed May 22, 2024.

---

[1] The Motion was not docketed until February 7, 2019, but Turner avers he mailed it December 23, 2018, albeit not through the prison mailing system. *Id.* at PageID 1261.

## Analysis

In this case Defendant has received permission from the Sixth Circuit to proceed in this Court on a successive motion to vacate raising the claim that his sentence as a career criminal is unconstitutional because it relies on an unconstitutionally vague residual clause definition of violent offense in the Sentencing Guidelines. The Sixth Circuit wrote:

> We may authorize the filing of a second or successive § 2255 motion when the applicant makes a prima facie showing that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Supreme Court has held, in the context of the ACCA, that the rule announced in *Johnson* has retroactive effect to cases on collateral review. *Welch v. United States,* 136 S. Ct. 1257, 1268 (2016). In addition, we held in a case decided on direct appeal that the rule announced in Johnson "applies equally" to sentences imposed under the Sentencing Guidelines and thus the residual clause under the Guidelines was unconstitutionally vague. *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016).
>
> In light of these decisions, we recently granted a movant authorization to file a second or successive § 2255 motion challenging a career offender sentence based on Johnson. *In re Embry*, ___ F.3d ___, No. 16-5447, 2016 WL 4056056, at *3 (6th Cir. July 29, 2016). As we explained there, all that is required at the authorization stage is a prima facie showing of relief, which is "not a difficult standard to meet." Id. at *4 (quoting In re Lott, 366 F.3d 431, 433 (6th Cir. 2004)). The district court is then "free to decide for itself whether [the movant's] claim relies on a new rule made retroactive by the Supreme Court." Id. at *1. And that question is likely to be resolved next Term by the Supreme Court. *See Beckles v. United States,* 136 S. Ct. 2510 (2016); *Embry*, 2016 WL 4056056, at *4.
>
> Turner has made a prima facie showing of entitlement to relief. Although the record is unclear as to what prior convictions qualified

> Turner for career-offender status, we have previously addressed the offense he challenges—assault with intent to commit a felony under Mich. Comp. Laws § 750.87—and determined that it was a violent felony for purposes of the ACCA; however, our opinion did not state under which clause of the ACCA that conclusion was based. See *United States v. Taylor*, 301 F. App'x 508, 521–22 (6th Cir. 2008). If the district court counted Turner's prior assault conviction under the residual clause, it would no longer qualify as a crime of violence for purposes of the career offender provision, and Turner could be entitled to resentencing.

*Dion D. Turner, supra*. (ECF No. 87, PageID 1184-85).

In *Beckles v. United States*, 580 U.S. 256 (2017), the Court held "[T]he [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.* at *11. Therefore the claim on which Turner was permitted to proceed in this Court is no longer viable, a point which perhaps he acknowledges implicitly by not relying on *Beckles* in any of his subsequent motions to amend.

Whether or not the parties raise the question, Federal courts are under an independent obligation to police our own jurisdiction." *Bonner v. Perry,* 564 F.3d 424, 426 (6th Cir. 2009) (quoting *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001)); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). A District Court has no jurisdiction to adjudicate a second or successive § 2255 motion without permission of the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016). Although Turner has circuit court permission to pursue his claim that the residual clause of the Sentencing Guidelines is unconstitutionally vague, that claim appears to be effectively precluded by *Beckles* and he does not have permission to pursue any other claim. The Magistrate Judge is unaware of any authority that would allow a defendant to substitute by amendment under Fed.R.Civ.P. 15 an entirely different claim from the one on which he has received permission to proceed. To proceed

without an assured jurisdictional basis would risk expending resources litigating a case only to have the entire proceeding dismissed if the Sixth Circuit disagrees about jurisdiction.

Accordingly, the "Motion to Supplement" (ECF No. 93) and the Motion for Leave to Amend (ECF No. 96) are denied without prejudice and may be renewed if Defendant obtains permission from the Sixth Circuit.  The "Motion to Supplement" (ECF No. 98) is ordered transferred to the Sixth Circuit for decision on whether it may proceed in this Court as a successive § 2255 motion.

May 24, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge