# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:05-cr-149 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| DIONNE D. TURNER,[1] | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This criminal case is before the Court on Defendant's motions for compassionate release (Docs. 97, 104, 107)[2] and the Government's response in opposition (Doc. 105).

## I.  BACKGROUND

On October 19, 2005, Defendant Dionne Turner was charged by way of a two-count Indictment with armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Count 1); and brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  (Doc. 42).  As charged, Defendant was subject to term of up to 25 years imprisonment as to Count 1 and a mandatory consecutive term of no

---

[1] Defendant is listed in the Bureau of Prisons ("BOP") database as "Dion Donita Turner."
Inmate Locator, BOP, *available at*: https://www.bop.gov/inmateloc/.

[2] Defendant initially filed his motion for compassionate release *pro se*.  (Doc. 97).  At the recommendation of the Federal Public Defender's Office, the Court appointed counsel on behalf of Defendant.  (Docs. 99, 100).  Pursuant to the Southern District of Ohio's Amended General Order 20-21, appointed counsel subsequently filed a supplemental motion for compassionate release.  (Doc. 104).  After the Government's response in opposition, defense counsel filed a reply in support of the motion, styled as a "Reply/Second Supplemental Motion."  (Doc. 107).

less than seven years imprisonment up to life on Count 2. 18 U.S.C. § 2113(d); 18 U.S.C. § 924(c)(1)(A)(ii), (D).

Defendant pleaded not guilty to both counts of the Indictment and, on August 15, 2006, proceeded to a five-day jury trial. (Docs. 34, 35, 38, 40, 41). Ultimately, the jury returned verdicts of guilty as to both counts. (Doc. 45). Specifically, the jury found beyond a reasonable doubt that Defendant stole by force, violence, or intimidation, approximately $24,490 from a Fifth Third Bank in Evendale, Ohio; that Defendant assaulted or put in jeopardy the life of another person during the robbery; and that Defendant carried and brandished a firearm during and in relation to the crime. (Docs. 2, 45, & 54 at 6-8).

Defendant's final PSR was completed on November 6, 2006. As stated in the PSR and ultimately calculated by the Court, Defendant qualified as a career offender under the Guidelines, he received a Total Offense Level of 34, a Criminal History Category VI, and a Guideline Range of 262 to 327 months imprisonment at to Count 1, plus the mandatory minimum of 7 years consecutive on Count 2. (PSR at 8, 21; Doc. 50 at 1). On January 19, 2007, Defendant was sentenced to 224 months imprisonment on Count 1 and 84 months consecutive on Count 2, for a total aggregate term of 308 months, followed by 5 years of supervised release. (Doc. 49; Min. Entry, Jan. 19, 2007).

## II. STANDARDS OF REVIEW

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment," and "the court may not modify a term of imprisonment once it has been imposed," subject to limited exceptions. 18 U.S.C. § 3582(b), (c); *Dillon v. United*

2

*States*, 560 U.S. 817, 824 (2010).  One such exception permits the Court to reduce a term of imprisonment, either upon a motion brought by the Bureau of Prisons ("BOP"), or on the defendant's own motion, seeking compassionate release.  *Id*. at § 3582(c)(1)(A)(i).  A defendant may file a motion for compassionate release with the Court after exhausting the BOP's administrative process, or thirty days after the warden receives the defendant's compassionate release request, whichever is earlier.  *Id*. at § 3582(c)(1)(A).

To grant a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court must: **first**, find that "extraordinary and compelling reasons warrant [] reduction [of the sentence]"; **second**, find that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission" (specifically, U.S.S.G. § 1B1.13); and **third**, consider the applicable 18 U.S.C. § 3553(a) factors.  *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020).

However, pursuant to Sixth Circuit precedent, the second step of the Court's three-step § 3582(c)(1)(A) inquiry—*i.e.*, finding that the reduction is consistent with U.S.S.G. § 1B1.13—does **not** apply to motions brought by the *defendant*.  *Jones*, 980 F.3d at 1109 (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)); *Elias*, 984 F.3d at 519 (noting the Sixth Circuit's holding is consistent with the Second, Fourth, and Seventh Circuits, as well as the majority of district courts).

"The district court has substantial discretion" in deciding a motion for compassionate release.  *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020)

3

("The statute says that the district court 'may' reduce a sentence if it finds the first two requirements met; it does not say that the district court must do so").

Defendant bears the burden of showing that he is entitled to compassionate release. *E.g.*, *United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

### III. ANALYSIS

Here, Defendant has filed his own motion for compassionate release (as opposed to a motion brought by the BOP) and, therefore, the Court must undertake the first and third steps of the § 3582(c)(1)(A) inquiry. Accordingly, the Court will consider whether "extraordinary and compelling reasons" warrant a reduction in Defendant's sentence and, if so, will further consider whether such a reduction is warranted in light of the relevant section 3553(a) factors.

**A. Extraordinary and Compelling Circumstances**

First, the Court must find that "extraordinary and compelling reasons warrant [the sentencing] reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute does not define the term "extraordinary and compelling reasons," and Congress delegated the task to United States Sentencing Commission. *See Ruffin*, 978 F.3d at 1004. However, "[i]n cases

4

where incarcerated persons file motions for compassionate release, <u>federal judges … have full discretion to define 'extraordinary and compelling'</u> without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111 (emphasis added).

Defendant argues that the presence of COVID-19, coupled with his underlying medical conditions, constitute extraordinary and compelling reasons. (Doc. 104; Doc. 97). Defendant states that he has suffered from "multiple health issues, including bronchitis, sinusitis, hypothyroidism, and abnormal lymph nodes in the carotid jugular chains." (Doc. 97 at 3). Defendant also states he is "immunocompromised due to prolonged use of a corticosteroid prescribed for respitory [sic] issues." (*Id.*) A review of Defendant's medical records support some, though not all, of these claims. Specifically, medical records from 2019 indicate that Defendant had symptoms "suggesting chronic sinusitis" (*i.e.*, nasal congestion). (Doc. 97 at 11). The BOP medical records further indicate that his current relevant health ailments include asthma, as well as thyroid disorder (multinodular thyroid). (Doc. 105-1 at 34).[3]

The Sixth Circuit has held that, <u>absent extenuating circumstances</u>, COVID-19 does not constitute an extraordinary and compelling reason for an inmate's release because COVID-19 vaccinations are available to federal prisoners. *See, e.g.*, *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022); *United States v. Lemons*, 15 F.4th 747, 751

---

[3] Defendant claims that his thyroid nodules *could* be cancerous. (Doc. 104 at 5-6). Notably, however, Defendant's medical records from September 2019 indicate that he was sent for ultrasound and CT scans, the results of which "didn't show anything of concern." (Doc. 105-1 at 2). The records further indicate that yearly follow-up ultrasounds were recommended and ordered in 2020 and 2021. (*Id.* at 2, 34; Doc. 105-2 at 7, 76). There is no record of any subsequent concern or abnormality related to Defendant's thyroid condition.

(6th Cir. 2021); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (following *Lemons*).[4]

Except for asthma, the remainder of Defendant's medical conditions are not among the underlying conditions that the Centers for Disease Control and Prevention ("the CDC") identifies as causing an increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC, *available at*: www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jul. 10, 2024).[5] And although the CDC does include immunocompromised individuals as being at greater risk from COVID-19, Defendant provides no records to substantiate his claim that he is immunocompromised. *Id. See Elias*, 984 F.3d at 520 (noting that district court could deny motion for compassionate release on sole basis that Defendant failed to provide medical records to support her claimed medical condition).

Moreover, COVID-19 is well-controlled at Defendant's current facility of designation—FCI Williamsburg. As of July 10, 2024, there were no active COVID-19 cases in the facility. *Inmate COVID-19 Data*, BOP, *available at* www.bop.gov/about/ statistics/statistics_inmate_covid19.jsp (last accessed Jul. 10, 2024).

In short, even accounting for Defendant's medical condition, the mere possibility that Defendant may contract COVID-19 and develop serious complications does not give

---

[4] For example, extenuating circumstances may include the inability to receive or benefit from a vaccine. *Lemons*, 15 F.4th at 751.

[5] The CDC's website specifies that the possibility of more severe COVID illness is associated with moderate to severe asthma. Defendant's medical records do not indicate that his asthma is moderate to severe.

rise to extenuating circumstances to justify the extraordinary remedy of compassionate release.

### B. 18 U.S.C. § 3553(a) Factors

If the Court finds that "extraordinary and compelling reasons" warrant reduction of the sentence, the Court must still "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [the prior step(s)] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *United States v. Dillon*, 560 U.S. 817, 827 (2010)).

Here, the Court did not find that "extraordinary and compelling reasons" warrant a reduction in Defendant's sentence. And the Court may deny the motion on that finding alone. *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the [required] prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others") (citing *Jones*, 980 F.3d at 1108; *Ruffin*, 978 F.3d at 1006). However, even assuming *arguendo* that "extraordinary and compelling reasons" existed, the Court nevertheless finds that reduction is not warranted based upon its consideration of all applicable § 3553(a) factors.[6]

---

[6] In his reply brief, Defendant argues that he no longer qualifies as a career offender under the Guidelines and asks the Court to consider this in conjunction with the 3553(a) factors. (Doc. 107). Notably, the Court may, but is not required, to consider non-retroactive changes in the law, and only if a defendant has already shown "extraordinary and compelling" reasons for release. *United States v. Hunter*, 12 F.4th 555, 568–69 (6th Cir. 2021). Here, Defendant has failed to make the initial showing that "extraordinary and compelling" reasons warrant his release. Moreover, as the Court explains, *infra*, the imposed sentence in this case was entirely appropriate, regardless of the Guideline recommendations, given the nature of the offense, Defendant's violent criminal history, and his high probability of recidivism. Frankly, given Defendant's continued, troubling conduct while at the BOP, this Court is inclined to conclude that perhaps the sentence may have been lenient, if anything.

Specifically, "the nature and circumstances" of Defendant's offense weigh against relief. 18 U.S.C. § 3553(a)(1). As evidenced during his jury trial, Defendant committed an armed bank robbery, brandished a firearm, physically assaulted a teller, and emotionally traumatized bank staff. Moreover, Defendant committed the offense a mere five months after he was released on parole, having just served nearly five years in state prison <u>and</u> while he was waiting to serve a separate 87 month federal sentence on an entirely unrelated case. (PSR at ¶¶ 11, 42, 43). Thus, the nature and circumstances of the offense weigh against release.

Additionally, Defendant's "history and characteristics" likewise do not support release. 18 U.S.C. § 3553(a)(1). Defendant has a lengthy juvenile and adult criminal history includes numerous offenses. (PSR at ¶¶ 32-43). His adult convictions alone include, *inter alia*, assault and battery, assault with intent to commit a felony (criminal sexual conduct), aggravated assault, and conspiracy to steal firearms. (*Id.* at ¶¶ 36-43).

Moreover, the fact that Defendant committed the instant violent offense while out on parole (for shooting a man, no less) **<u>and</u>** with another lengthy prison sentence looming (for conspiring to steal firearms) evidences that Defendant has a history of violent conduct and firearm possession, that he is wholly undeterred by shorter sentences, and that he poses an extraordinary danger to the safety of the community. And the Court's conclusions in this regard are further supported by Defendant's conduct while at the BOP. The Government provides Defendant's BOP disciplinary records indicating that Defendant has been sanctioned repeatedly for fighting, possessing dangerous weapons, and attempting to smuggle contraband into the facility. (Doc. 105-3). However, what the

8

Court finds most troubling is the detailed account of a BOP physician, explaining Defendant's behavior during a July 2020 medical appointment. (Doc. 105-2 at 29). Specifically, the physician noted that each time he turned his back, Defendant would act suspiciously, including taking an item off the desk and approaching the physician from behind. (*Id.*) The physician sent Defendant out of the room twice and, after the second time, Defendant was detained and searched by BOP staff who found Defendant was in possession of "two razor blades bonded to a clear plastic handle." (*Id.*) The physician's comments end with: "Note to self and others who may have to see him[.] Keep him in plain sight next time." (*Id.*)

In short, the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, promote respect for the law, and to protect the public, all weigh against Defendant's early release. 18 U.S.C. § 3553(a)(2).

At the time of sentencing, upon thorough consideration of all applicable 18 U.S.C. § 3553(a) factors, the Hon. Sandra S. Beckwith sentenced Defendant to an aggregate term of 308 months imprisonment. Currently, Defendant has roughly seven years remaining to serve. *See* <u>Inmate Locator</u>, BOP, *available at*: www.bop.gov/inmateloc/. For purposes of Defendant's motion, the Court has once again considered the applicable 18 U.S.C. § 3553(a) factors and, having done so, continues to find that the imposed sentence is appropriate. In short, the Court finds that its imposed sentence of 308 months imprisonment is sufficient but not greater than necessary, and further finds that any reduction of Defendant's sentence would fail to fully address the purposes of sentencing.

## IV.  CONCLUSION

Based upon the foregoing, Defendant's motion for compassionate release (Docs. 97, 104, 107) is **DENIED**.

**IT IS SO ORDERED.**

Date:  7/10/2024                                                         *s/ Timothy S. Black*
                                                                                         Timothy S. Black
                                                                                         United States District Judge